# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41415
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDIDO GARCIA SILVA, also known as Candido Garcia-Silva, also known
as Candido Silva Garcia, also known as Candido Silva-Garcia, also known as
Candido Garcia, also known as Enzique Castro,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-58-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Candido Garcia Silva appeals the 37-month sentence he received after a
jury found him guilty of possessing and concealing counterfeit money. He
challenges a sentencing enhancement the district court applied pursuant to
U.S.S.G. § 2B5.1(b)(2)(A) for production of the counterfeit bills. Although it
ordinarily results in only a two-point enhancement, the finding of production

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

results in a minimum offense level of 15.  *See* U.S.S.G. § 2B5.1(b)(3).  So application of the enhancement increased Garcia's offense level from 11 to 15, which changed the Guidelines range from 18-24 months to 30-37 months.[1]

No direct evidence exists to show that Garcia produced the counterfeit bills in his possession.  The parties dispute whether the circumstantial evidence is sufficient to establish that fact by the preponderance standard that governs sentencing determinations.  The Government also argues that any error in applying the enhancement was harmless because the district court stated it would apply the same sentence even if the enhancement for production does not apply.

We agree that any error would be harmless and thus do not decide if there was sufficient evidence of production.  After it imposed its sentence, the district court told Garcia that even it if was "wrong on the enhancement," a 37-month sentence was "the appropriate sentence" and that it "would do an upward variance to 37 months" based on Silva having had counterfeit bills on multiple occasions and based on his criminal history.  Considering this statement, the district court undoubtedly would have imposed the 37-month term of imprisonment regardless of the applicable guidelines range.  And Garcia raises no challenge to the substantive reasonableness of the 37 month sentence.  Accordingly, any error the district court might have made in applying the enhancement for production was harmless.  *See Richardson*, 676 F.3d at 511-12.

AFFIRMED.

---

[1] The district court applied a two-point enhancement pursuant to U.S.S.G. § 2B5.1(b)(2)(B)(i) because the counterfeit paper Garcia possessed is similar to a "distinctive paper."  That enhancement, which is not challenged on appeal, increased the offense level from the base level of 9 to 11.